UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER RAE MCLAWHORN,
on behalf of herself and all
others similarly situated,

    Plaintiff,

v.                        Case No. 8:17-cv-156-T-33AEP

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Amber McLawhorn's Motion to Remand (Doc. # 24), filed on February 21, 2017. Defendant GEICO Indemnity Company responded on April 3, 2017. (Doc. # 34). For the reasons that follow, the Motion is granted.

**I.   Background**

McLawhorn purchased a car insurance policy from GEICO in February of 2012. (Doc. # 2 at ¶ 4). McLawhorn's policy did not include bodily injury liability coverage, which all drivers are required to carry by Florida's Financial Responsibility Law, nor was the policy's notice, stating that the policy does not provide such coverage, in the form

1

required by Section 627.7276, Florida Statutes. (Id. at ¶¶ 9, 32-33). Section 627.7276 states:

> (1) An automobile policy that does not contain coverage for bodily injury and property damage must be clearly stamped or printed to the effect that such coverage is not included in the policy in the following manner:
>
> "THIS POLICY DOES NOT PROVIDE BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE OR ANY OTHER COVERAGE FOR WHICH A SPECIFIC PREMIUM CHARGE IS NOT MADE, AND DOES NOT COMPLY WITH ANY FINANCIAL RESPONSIBILITY LAW."
>
> (2) This legend must appear on the policy declaration page and on the filing back of the policy and be printed in a contrasting color from that used on the policy and in type larger than the largest type used in the text thereof, as an overprint or by a rubber stamp impression.

Fla. Stat. § 627.7276. "If GEICO had complied with the notice requirements under Section 627.7276 . . . [McLawhorn] would have satisfied her financial responsibility and purchased all necessary coverages to comply with Florida's Financial Responsibility Law." (Doc. # 2 at ¶ 9).

On May 6, 2013, McLawhorn was in a car accident, in which the other driver was injured. That driver's insurance company is now suing McLawhorn to recover the driver's medical costs. (Id. at ¶¶ 6, 8, 10-11). Additionally, McLawhorn's driver's license may be suspended because she did not carry bodily injury liability coverage in her policy, as required by

Florida law. (Id. at ¶ 11). According to McLawhorn, GEICO unlawfully refused her request that it extend bodily injury liability coverage to her for the claims of the injured driver and his insurance company. (Id. at ¶ 10).

McLawhorn initiated this putative class action in state court on December 16, 2016. (Doc. # 2). In the one-count Complaint, McLawhorn alleges that GEICO failed to include the statutorily required notice in the policies of all its insureds whose policies did not include bodily injury liability coverage. (Id. at 2). McLawhorn defines the class as "all those similarly situated persons who have failed to receive the proper statutory notice from GEICO pursuant to Section 627.7276, Florida Statutes." (Id. at ¶ 13).

The Complaint seeks "a determination by this Court as to the available coverage under the GEICO Policy to determine whether Plaintiff is entitled to bodily injury liability coverage as required by Florida's Financial Responsibility Law due to GEICO's failure to comply with the mandatory requirements of the Notice Statute." (Id. at ¶ 38). In her prayer for relief, she also seeks on behalf of herself and the class members "[a] judgment under Count I declaring the parties' respective rights and obligations under Florida law, and otherwise applicable law, including but not limited to:

declaring that GEICO has failed to comply with the notice requirements under Section 627.7276, Florida Statutes." (Id. at 9).

GEICO removed the case to federal court on January 20, 2017, pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Doc. # 1). On January 24, 2017, the Court directed GEICO to provide more information about the amount in controversy (Doc. # 4), to which GEICO responded on January 31, 2017. (Doc. # 12).

Subsequently, McLawhorn filed her Motion to Remand (Doc. # 24), arguing GEICO has not established by a preponderance of the evidence that the $5,000,000 amount in controversy requirement is met. GEICO responded on April 3, 2017. (Doc. # 34). The Motion is ripe for review.

## II. Legal Standard

As the Eleventh Circuit has explained,

CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members.

S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)(citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

The Supreme Court clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Still, "when a notice of removal's allegations are disputed, the district court must find by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014)(citation and internal quotation marks omitted). "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." S. Fla. Wellness, Inc., 745 F.3d at 1315 (citing Pretka v. Kolter City Plaza II, 608 F.3d 744, 753-54 (11th Cir. 2010)).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255,

1268 (11th Cir. 2000)(citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc., 745 F.3d at 1316 (citation omitted). "For CAFA purposes, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if declaratory relief were granted." Id. (citing 28 U.S.C. § 1332(d)(6); Cappuccitti v. DirecTV, Inc., 623 F.3d 1118, 1122 (11th Cir. 2010); Pretka, 608 F.3d at 772).

While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be "sufficiently measurable and certain" to satisfy the amount in controversy requirement. Morrison, 228 F.3d at 1269. That requirement is not satisfied if the value of the equitable relief is "too speculative and immeasurable." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (quotation marks omitted); see also Leonard v. Enter. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

### III. Analysis

Only the amount in controversy requirement is at issue here. McLawhorn advances multiple arguments for why the amount in controversy requirement has not been met: (1) the

6

value of her claim for declaratory relief is "immeasurable and speculative," especially because only McLawhorn seeks a declaration regarding her entitlement to bodily injury liability coverage, (2) GEICO's calculation "extrapolat[ing] the number of potential bodily injury claims from the alleged 7,821 collision claims is not based on any evidence," and (3) the "claim for attorneys' fees is too speculative to be included in the amount in controversy." (Doc. # 24 at 6-7).

GEICO argues the Complaint seeks a declaration that all class members are entitled to bodily injury liability coverage. Additionally, GEICO submitted the declarations of two employees in GEICO's underwriting department, Adrianne Dimond and Christopher M. Smith, providing further information relevant to the amount in controversy calculation. (Doc. # 34-2; Doc. # 34-3).

### A. Speculative Value of the Declaratory Relief

McLawhorn argues the relief from a declaratory judgment in the class members' favor "would not be that GEICO would be required to supply a minimum of $10,000 in bodily injury benefits to every insured who purchased a policy without bodily injury coverage." (Doc. # 24 at 11). "Rather, it would simply require GEICO to evaluate any bodily injury claims made against its insureds during the class period and

7

determine if any amounts should be paid and, if so, in what amounts." (Id.).

McLawhorn emphasizes that the Complaint was drafted to seek two separate types of declaratory relief, although it was written as a one count complaint. (Id. at 14-15). In the body of the Complaint, McLawhorn explicitly seeks "a determination by this Court as to the available coverage under the GEICO Policy to determine whether *Plaintiff* is entitled to bodily injury liability coverage as required by Florida's Financial Responsibility Law due to GEICO's failure to comply with the mandatory requirements of the Notice Statute." (Doc. # 2 at ¶ 38)(emphasis added). This language indicates a declaration is being sought as to the availability of bodily injury liability coverage only for McLawhorn and the basis of her separate claim for entitlement to coverage is particular to McLawhorn's circumstances. Specifically, McLawhorn was confused about whether her policy included bodily injury liability coverage, she would have purchased such coverage if GEICO had included the statutory notice in the correct format in her policy's declaration, and she is now personally liable for a bodily injury claim that accrued during the class period.

McLawhorn seeks a declaration that she is entitled to retroactive bodily injury coverage because she hopes to force GEICO to pay for the claim that was made against her. That McLawhorn would need to take an extra step — i.e. file another lawsuit using the declaration — to eventually be reimbursed by GEICO does not prevent the Court from including the amount she ultimately seeks to recover when calculating the amount in controversy. See S. Fla. Wellness, 745 F.3d at 1316-17 ("Although the putative class members might have to take an extra step or two after obtaining declaratory relief to get money from Allstate, that does not mean that determining the amount in controversy exceeds $5 million is too speculative a task.").

Furthermore, with respect to the class as a whole, McLawhorn seeks a declaration that GEICO violated the statute, but not that each member is entitled to retroactive coverage. This conclusion is supported by the prayer for relief, in which McLawhorn requests relief for herself *and* the class members in the form of a judgment simply "declaring that GEICO has failed to comply with the notice requirements under Section 627.7276, Florida Statutes." (Doc. # 2 at 9). Thus, for class members in a similar situation to McLawhorn's (i.e. detrimental reliance and resulting personal liability

9

for another driver's bodily injury claims), they would need to take even more steps to turn the declaration that GEICO violated the law into a ruling that GEICO must provide them with retroactive coverage and then reimburse them for any bodily injury claims. Still, this further step does not prevent the eventual monetary amount they would recover from being included in the Court's calculations. S. Fla. Wellness, 745 F.3d at 1316-17.

But, there is a problem. The Court cannot extrapolate from McLawhorn's situation that all class members — people with GEICO policies without bodily injury coverage — were equally confused about the extent of their coverage. Nor does the Court know how to estimate the subset of class members who were both confused about their coverage and who incurred liability for causing a bodily injury in a collision. Indeed, the declaration page for McLawhorn's policy at the time of the 2013 accident, which McLawhorn discusses in her Complaint and GEICO attaches as an exhibit to its Motion to Dismiss, specifies the policy does not include bodily injury coverage, but not in the exact format depicted in the statute. (Doc. # 20 at 20). Many class members likely chose the policy option without bodily injury coverage or were otherwise made aware

of the lack of coverage by the policy's notice, despite its nonconformity with the statute.

Furthermore, even for confused class members, the value of the declaration requested — that GEICO violated the notice statute — is speculative for those who did not make a claim under their policies. If a class member was confused but did not cause an accident in which the other driver was injured during his policy period, what is the financial value of a declaration informing him that GEICO violated the law? See S. Fla. Wellness, Inc., 745 F.3d at 1316 ("[T]he value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" (citation omitted)).

Nor is the Court able to determine the number of class members who were in accidents for which bodily injury claims were made against them by the other driver, as McLawhorn was. While GEICO reports that 7,821 collision claims were filed by class members during the relevant time period, GEICO does not indicate the number of these claims that also involved bodily injuries to the other driver caused by the class members. (Doc. # 1 at 8; Doc. # 34-2). Many of those claims may have arisen from minor collisions in which no party suffered an injury.

11

In an attempt to estimate the amount of reimbursement that class members might ultimately seek from it, GEICO provides information about a different group of its policyholders — those who purchased the minimum amount of bodily injury liability coverage. During the relevant time period, 35,016 bodily injury claims were made based on those policies, of which GEICO paid out for 23,746. (Doc. # 34-2). The average amount paid on those claims was $8,657.17. (Id.). But, this does not help the Court determine the percentage of collision claims filed by class members that also resulted in bodily injuries because GEICO does not provide the total number of collision claims made on the policies with minimum coverage. Thus, these numbers do not provide the Court with an idea of how many collision claims typically involve bodily injury.

"Except where Congress has granted federal courts exclusive jurisdiction, plaintiffs are the 'master of the complaint and are free to avoid federal jurisdiction by structuring their case to fall short of a requirement of federal jurisdiction.'" Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1379 (N.D. Ga. 2014)(quoting Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013)(internal citation and quotation marks omitted)). McLawhorn has successfully

12

done so here. While the Complaint's drafting leaves much to be desired as to the relief sought, a careful review reveals that McLawhorn is seeking separate relief regarding the availability of coverage for her policy in addition to a general declaration for all class members about the legality of GEICO's notice practices.

And, the value of the declaration sought on behalf of all class members is far more abstract and speculative than the mathematical calculations propounded by GEICO. The particular circumstances of each class member will determine what further relief they might seek and whether they are entitled to further relief at all. The facts surrounding McLawhorn's confusion about the extent of her coverage and her reliance were available to her, and thus could be outlined in the Complaint as the basis for additional declaratory relief. But, the applicability of those facts to other class members, as well as the total number of class members who were in accidents resulting in bodily injuries, cannot be determined on the record before the Court.

### B. Attorney's Fees

Finally, GEICO argues the projected attorney's fees for the entire litigation should be included in the amount in controversy requirement. (Doc. # 1 at 9; Doc. # 34 at 16).

13

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." Morrison, 228 F.3d at 1265. But, only the attorney's fees incurred up to the time of removal may be included in the amount in controversy. See Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016)(noting that there is "'no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal,' to include a highly speculative amount of attorney's fees estimated through trial" (citation omitted)); see also Rogatinsky v. Metro. Life Ins. Co., No. 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009)("[F]or jurisdictional purposes, the amount of attorney's fees are calculated at the time of removal.").

GEICO has not provided information about the pre-removal attorney's fees, and thus calculation of those fees is speculative. Regardless, this case was removed about one month after it was initiated in state court, and the attorney's fees incurred up to that point would not go a long way in meeting the $5,000,000 threshold. McLawhorn's claim

14

for attorney's fees does not support that the amount in controversy has been met.

### III. Conclusion

The Court finds that GEICO has not established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. The Court therefore may not exercise jurisdiction pursuant to CAFA. McLawhorn's Motion to Remand is granted.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) McLawhorn's Motion to Remand (Doc. # 24) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Thereafter, the Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of April, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

15